UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY A. TAYLOR, | ) | Case No.: 5:16CV539 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| LASHANN EPPINGER, Warden, | ) | <u>REPORT AND RECOMMENDATION</u> |
| | ) | <u>OF MAGISTRATE JUDGE</u> |
| Respondent. | ) | |

The above-captioned case is before the undersigned on Petitioner Rodney A. Taylor's ("Petitioner") May 8, 2017 "Motion Seeking for the Magistrate Judge to Proceed to Issuance of the 'Report and Recommendation' as This Case has been Ripe for the 'R&R' Since 14-Aug-16, 30 Days Subsequent [] the Filing of the Respondent's 'Return of Writ' with No Traverse Being Filed" (ECF Dkt. #9) and his June 12, 2017 Motion to Expand the Record (ECF Dkt. #12). On May 19, 2017, Respondent LaShann, Warden of the Grafton Correctional Institution ("Respondent") where Petitioner is housed, filed a response to Petitioner's motion seeking that the undersigned file a Report and Recommendation on this case. ECF Dkt. #10. Petitioner thereafter filed a reply on June 5, 2017. ECF Dkt. #11. No response or reply was filed concerning Petitioner's Motion to Expand the Record.

The above case is also before the undersigned pursuant to Petitioner's execution of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 5, 2016. ECF Dkt. #1. Respondent filed an Answer/Return of Writ on July 14, 2016. ECF Dkt. #6.

For the following reasons, the undersigned recommends that the Court DENY Petitioner's motion for the undersigned to issue a Report and Recommendation and his motion to expand the record as the claim that Petitioner presents in said motions is unexhausted, procedurally defaulted and not cognizable before this Court. ECF Dkt. #s 9, 12. The undersigned further recommends that the Court find that Petitioner's sole Ground for Relief in his federal habeas corpus petition is procedurally defaulted and/or otherwise without merit. Accordingly, the undersigned recommends that the Court dismiss Petitioner's federal habeas corpus petition in its entirety with prejudice.

**I.     SYNOPSIS OF THE FACTS**

The Fifth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999). As set forth by the Ohio Court of Appeals, the facts are:

> {¶2} This case stems from an altercation in Alliance, Ohio, on the night of July 27, 2013, which resulted in the non-fatal shooting of Brennace Andrews and Malcolm Sampson.
>
> {¶3} On the aforesaid date, Ziara Dixon threw a party at her residence in the area of Webb Avenue and Reed Street in Alliance. More than twenty people attended, including Appellant Taylor, Diquante "Tink" Dickerson, Brennace Andrews, Malcolm Sampson, and Greg Sampson (Malcolm's brother). At some point, appellant and Andrews got into a verbal argument in the kitchen.
>
> {¶4} Following the argument, appellant and Dickerson left the party. Shortly thereafter, Andrews and the two Sampson brothers also left the house. While they were outside, appellant pulled up in a black Toyota. Appellant exchanged words with Greg Sampson and started shooting toward Andrews, who was approaching Sampson's car, a Chevrolet Malibu, in order to leave the party. As other party-goers fled the area, Andrews, Malcolm Sampson, and Greg Sampson jumped into Greg's Malibu. As they did, Dickerson also started shooting at them. One shot went through the rear window and struck Malcolm Sampson in the head. Another shot then struck Andrews in the leg when he tried to exit the car after the rear window was shattered.

ECF Dkt. #6-1 at 67.

**II.    PROCEDURAL HISTORY**

   **A.    State Trial Court**

On September 5, 2013, the Stark County Grand Jury indicted Petitioner on one count of felonious assault in violation of Ohio Revised Code ("ORC") § 2903.11(A)(2) with a firearm specification; one count of discharging a firearm on or near prohibited premises in violation of ORC § 2923.162(A)(3)(C)(2); one count of having weapons while under disability in violation of ORC 2923.13(A)(3); and one count of inducing panic in violation of ORC § 2917.31(A)(3)(C)(3). ECF Dkt .#6-1 at 5-6.

On September 18, 2013, the State of Ohio filed a Bill of Particulars in Petitioner's case. ECF Dkt. #6-1 at 10-12.

On January 24, 2014, after a jury trial in which Petitioner was convicted of all charges against him, the trial court issued a journal entry sentencing Petitioner[1] to a total term of 15 years in prison, which was based upon a sentence of 6 years of imprisonment for felonious assault with the mandatory 3-year prison term for the firearm specification, 36 months of imprisonment for each conviction of discharging a firearm on or near a prohibited premises and having weapons under disability, and 18 months in prison for inducing panic. ECF Dkt. #6-1 at 1317. The court ordered that the sentences for the first three crimes be served consecutively and the inducing panic sentence was to be served concurrently with the other offense, and all had to be served subsequent to the mandatory term for the firearm specification. *Id*.

### B. Direct Appeal

on February 14, 2014, Petitioner, through new counsel, filed an appeal of his conviction to the Fifth District Court of Appeals. ECF Dkt. #6-1 at 18-42. In his brief, Petitioner sets forth the following assignments of error:

> I. PROSECUTORIAL MISCONDUCT DEPRIVED APPELLANT OF A FAIR TRIAL IN VIOLATION OF THE FIFTH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
>
> II. THE TRIAL COURT'S FINDING OF GUILTY OF FELONIOUS ASSAULT WITH FIREARM SPECIFICATION DISCHARGING A FIREARM ON OR NEAR A PROHIBITED PREMISES, HAVING A WEAPON UNDER DISABILITY, INDUCING PANIC WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
>
> III. THE TRIAL COURT ERRED IN NOT GRANTING A MISTRIAL FOLLOWING BAD ACTS TESTIMONY FROM GREG SAMPSON THEREBY DENYING APPELLANT A FAIR TRIAL.

ECF Dkt. #6-1 at 19-42. The State filed a brief as well. *Id*. at 43-65. On November 24, 2014, the Fifth District Court of Appeals affirmed the trial court's judgment. *Id*. at 66-77.

---

[1] Although not raised by either party, the undersigned notes that the Sentencing Entry in the underlying criminal case before the Stark County Court of Common Pleas identifies Respondent as the Defendant in the case, but refers to David George Minger in the body of the entry as the Defendant. ECF Dkt. #6-1 at 13. A review of the docket in the underlying state criminal case confirms that this is the sentence that Respondent received. *See* Online Case Docket in Case Number 2013CR1242B at https://www.starkcountycjis.org/starkcrt/docket.

### C. **Supreme Court of Ohio**

On January 8, 2015, Petitioner, through new counsel, filed a notice of appeal in the Ohio Supreme Court. ECF Dkt. #6-1 at 78. In his memorandum in support of jurisdiction, Petitioner asserted the following sole proposition of law:

> Permitting the prosecutor to make statements in closing unsupported by evidence, violates the 5th and 14th Amendments to the U.S. Constitution, and Section 10, Article I of the Ohio Constitution, and deprives the Appellant of a fair trial.

*Id.* at 81. The State of Ohio filed a brief and on June 24, 2015, the Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal. *Id*. at 95-113.

## III.  **28 U.S.C. § 2254 PETITION**

Petitioner executed the instant pro se petition on March 5, 2016 and the Clerk of Courts filed the petition with this Court on March 7, 2016. ECF Dkt. #1. Petitioner presents the following sole ground for relief:

> GROUND ONE: Prosecutorial misconduct deprived me a fair trial violating the 5th and 14th Amendments of the U.S. Constitution.
>
> Supporting facts: Ziara Dixon was called as a courts[sic] witness. The prosecutor questioned her about knowing my family. In closing, the prosecutor claimed that her statement changed because she talked to my family. There was no physical evidence I had a gun. The prosecutor made insinuations and assertions that misled the jury. Ziara said I never had a gun and the prosecutor made her look uncredible[sic] based on assertions. See attached transcripts.

On July 14, 2016, Respondent filed an answer/return of writ. ECF Dkt. #6.

On April 20, 2017, Petitioner pro se filed a letter requesting the status of his case before this Court. ECF Dkt. #7. He indicated that since the time that he filed his instant federal habeas corpus petition, he had received no legal mail. *Id.* The Clerk of Courts thereafter sent Petitioner a copy of the docket for this case. On May 3, 2017, Respondent filed a response to Petitioner's letter indicating that a copy of the prison mail log that was attached showed that Petitioner signed for and received Respondent's answer/return of writ on July 19, 2016. ECF Dkt. #8.

On May 8, 2017, Petitioner filed the instant "Motion Seeking for the Magistrate Judge to Proceed to Issuance of the 'Report and Recommendation' as This Case has been Ripe for the 'R&R' since 14-AUG-16, 30 Days Subsequent the Filing of the Respondent's 'Return of Writ' with no Traverse being Filed." ECF Dkt. #9. In this motion, Petitioner requests that the undersigned issue

-4-

a Report and Recommendation to the Court concerning his federal habeas corpus petition. *Id*. at 1. However, also in that motion, Petitioner avers that upon receiving a copy of the docket of his case and reviewing the state court record provided by Respondent, he was informed that the state trial court lacked subject matter jurisdiction over the case. *Id*. Petitioner explained that his inmate advisor notified him that the state court record showed that his indictment was insufficient because it did not comport with ORC § 2941.03(D) and *State v. Luna*, 1994 Ohio App. LEXIS 3265. *Id.* at 2. Petitioner avers that Ohio law requires that an indictment allege that the charged offense occurred at some place within the state court's jurisdiction. *Id.* Petitioner requested that the undersigned determine that the state trial court lacked subject matter jurisdiction and order him released from custody. *Id*. at 3-4.

On May 19, 2017, Respondent filed a response to the motion for the undersigned to issue a Report and Recommendation, asserting that the indictment was sufficient to allege subject matter jurisdiction and such a state law claim was not cognizable before this Court. ECF Dkt. #10. On June 5, 2017, Petitioner filed a reply, asserting that the indictment violated *Russell v. United States,* 369 U.S. 749 (1962) because it did not identify a location where the offenses occurred. ECF Dkt. #11.

On June 12, 2017, Petitioner filed the instant Motion to Expand the Record, requesting that the Court permit him to enter into the record relevant pages of an April 17, 2017 opposition brief by a state prosecutor to an application to reopen a direct appeal under Rule 26(B) of the Ohio Rules of Appellate Procedure in the case of *State v. White*, 2017 Ohio App. LEXIS 283. ECF Dkt. #12. Petitioner contends that this attachment confirms that the indictment in his case, and in others, are not constitutional charging instruments because no defense attorney could conduct a crime scene investigation, escort a jury to a crime scene or even know the address of the location where offenses occurred or challenge the venue without a specific location identified in the indictment. *Id.* at 2-3. Respondent did not file a response to this motion.

**IV.    PROCEDURAL BARRIERS TO REVIEW**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United*

*States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). However, the Supreme Court has also held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. §2244(d)(1). The AEDPA statute of limitations is not at issue in this case.

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money,* 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878,

881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted).  In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, id. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32  (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman*, 501 at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained

state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004), citing *Ylst v.Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v.* Smith, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1) whether the petitioner failed to comply with an applicable state procedural rule;

(2) whether the state courts actually enforced the state procedural sanction;

(3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id*. at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman*, 501 U.S. at 729-730) (appeal dismissed for lack of jurisdiction); Richey, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim

anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson*, 384 F.3d at 313-14.

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), cert. denied, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review. *Bonnell v. Mitchel*, 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). A petitioner who is unable to show cause and prejudice may obtain habeas review only if denying such review would produce a fundamental miscarriage of justice, such as when new evidence suggests actual innocence. *Dretke v. Haley*, 541 U.S. 386, 393, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004).

## V. STANDARD OF REVIEW

The undersigned recommends that the Court find that the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant

to 28 U.S.C. § 2254 well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000). Further, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

    A.    Decisions of lower federal courts may not be considered.

    B.    Only the holdings of the Supreme Court, rather than its dicta, may be considered.

    C.    The state court decision may be overturned only if:

        1.    It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

        2.    the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

        3.    'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

        4.    the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

    D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

    E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

    (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact.  *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), cert. denied, 509 U.S. 907 (1993).  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility."  *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

> The United States Supreme Court has observed:
>
>> Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington v. Richter*, 526 U.S. 86, 131 S.Ct. 770, 786-787 (2011).

## VI. LAW AND ANALYSIS

### A. CLAIMS OF DEFECTIVE INDICTMENT AND LACK OF SUBJECT MATTER JURISDICTION IN MOTION FOR UNDERSIGNED TO ISSUE REPORT AND RECOMMENDATION AND MOTION TO EXPAND THE RECORD (ECF DKT. #S 9, 12)

The undersigned recommends that the Court DENY Petitioner's motions for the undersigned to issue a Report and Recommendation and to expand the record.  ECF Dkt. #s 9, 12.  In both motions, Petitioner asserts that the trial court lacked subject matter jurisdiction over his underlying criminal case because the indictment issued against him was defective because it did not contain a specific location of where the alleged crimes occurred.  ECF Dkt. #9 at 2-4; ECF Dkt. #12 at 1-3.

Respondent correctly asserts that Petitioner is asserting a claim of a lack of state court subject matter jurisdiction based upon an alleged defective indictment, which involves state law, and matters of state law are not cognizable before this Federal Habeas Corpus Court.  ECF Dkt. #10 at 4-5.  There is no federal constitutional right to an indictment in state criminal proceedings.  *Hurtado*

-12-

*v. California*, 110 U.S. 516, 537–38 (1884); *see also Branzburg v. Hayes*, 408 U.S. 665, 688 n. 25, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir.1984) ("The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states.... It is also well settled in this Circuit that the Constitution does not require any particular state indictment rule."); *Watson v. Jago*, 558 F.2d 330, 337 (6th Cir.1977). As long as "sufficient notice of the charges is given in some ... manner" so that the accused may adequately prepare a defense, the Fourteenth Amendment's Due Process Clause is satisfied. *Koontz*, 731 F.2d at 369; *Watson*, 558 F.2d at 338; *see also Williams v. Haviland*, 467 F.3d 527, 535 (6th Cir.2006). "Challenges to a state court charging document are cognizable on federal habeas review only where the amendment deprives a petitioner of his due process right to fair notice of the charges against him." *Patrick v. Bunting*, 2015 WL 10488878, at *8 (N.D. Ohio Dec. 29, 2015), unpublished (citing *Boothe v. Wyrick*, 452 F.Supp. 1304, 1310 (W.D. Mo. 1978)), adopted by 2016 WL 1047231 (N.D. Ohio Mar. 16, 2016).

Here, Petitioner's state law claim of a defective indictment is not cognizable before this Court because it is a matter of state law. Thus, unless he can establish that he was deprived of his federal due process rights, the Court should decline to address this claim. Petitioner contends that Ohio citizens are being intentionally deprived of justice because indictments in Ohio lack specificity as to the specific addresses where the alleged offenses occurred, which prevents the defense from investigating evidence for the case, from finding witnesses, and prevents the ability to determine if the location is within the state trial court's jurisdiction. ECF Dkt. #9 at 3. However, Petitioner presents no support for his assertion of intentional deprivation by prosecutors and the courts, he points to no law requiring that specific addresses be presented in an indictment, and neither federal law nor the Ohio criminal statutes under which Petitioner was charged and convicted require that the exact locations of the offenses be specified in the indictment. *See* ORC §§ 2903.11(A)(2), 2923.161(A)(3)(C)(2), 2923.13(A)(3), 2917.31(A)(3)(C)(3). ECF Dkt #6-1 at 5-6; *Geboy v. Brigano*, 489 F.3d 752, 764 (6th Cir. 2007)(gaps in testimony or record as to precise location of where crimes occurred "is irrelevant to Petitioner's sufficiency challenge, because nothing in Ohio law holds that location is an element of the offense of felonious assault.").

The indictment in Petitioner's case informed Petitioner of the elements of the offenses for which he was charged, the approximate dates of the offenses, and it stated that each of the offenses occurred in Stark County, Ohio. ECF Dkt. #6-1 at 5-6. Further, the bill of particulars filed by the State of Ohio just thirteen days after the indictment provided the exact dates and the locations of where the offenses occurred. ECF Dkt. #6-1 at 10-11. The bill of particulars specifies that each of the offenses allegedly committed by Petitioner occurred on July 27, 2013 at Reed and Webb in Alliance, Stark County, Ohio. *Id.*

Accordingly, the undersigned recommends that the Court find that Petitioner's defective indictment claim and subject matter jurisdiction claims are not cognizable before this Court and he has otherwise failed to establish a violation of his due process rights or fundamental fairness in order to warrant review.

Morever, even if the Court were to review the issue of subject matter jurisdiction apart from Petitioner's allegation of a defective indictment, the undersigned recommends that the Court find that such a claim fails. "[T]he jurisdiction of a court of common pleas in a criminal case in Ohio does not depend upon the precise location within the county where an offense is committed." *State v. Miller*, 2017 WL 4457288, at *2), citing *State v. Malone*, No. 71094, 1997 WL 35554, 1997 Ohio App. LEXIS 306 (Ohio App. 8th Dist. Jan. 30, 1997); *State v. Munici*, No. 70405, 1996 WL 476473, 1996 Ohio App. LEXIS 3544 (Ohio App. 8th Dist. Aug. 22, 1996). "The Ohio Common Pleas Courts, established by the Ohio Constitution, have general subject matter jurisdiction, including jurisdiction over felony-level criminal offenses." Ohio common pleas courts have statewide jurisdiction. *See* Ohio Constitution Article IV, Section 4(A); *State v. Wyley*, No. 102889, 2016-Ohio-1118, 2016 WL 1071430 (Ohio App. 8th Dist. Mar. 17, 2016); *Wiegand v. Deutsche Bank Natl. Trust*, No. 97424, 2012-Ohio-933, 2012 WL 760624 (Ohio App. 8th Dist. Mar. 6, 2012)("The Ohio Constitution created the several courts of common pleas and granted them statewide jurisdiction."). Again, the indictment in Petitioner's case before this Court charged him with violations of specific Ohio criminal statutes and it indicated that the offenses occurred on or around certain dates and in Stark County, Ohio. ECF Dkt. #6-1 at 5-6. Accordingly, subject matter jurisdiction was proper in this case.

For these reasons, the undersigned recommends that the Court DENY both of Petitioner's pending motions because his defective indictment claim is a state law issue not cognizable before this Court and Petitioner has failed to establish a due process violation resulting therefrom in order for this Court to otherwise address his claim. The undersigned further recommends that the Court decline to address Petitioner's subject matter jurisdiction claim to the extent that it is based upon the defective indictment assertion because it is solely based upon Ohio law. Alternatively, the Court should find that the Ohio trial court possessed proper subject matter jurisdiction as Petitioner fails to show that he was deprived of fair notice of the charges against him as to the nature and cause of the accusations.

### B.     GROUND FOR RELIEF NUMBER ONE

In the sole Ground for Relief presented in his Federal Habeas Corpus Petition, Petitioner complains that prosecutorial misconduct occurred in closing statements at trial because the prosecutor called Ms. Ziara Dixon as a witness and questioned her about knowing Petitioner's family, and then stated in closing that Ms. Dixon changed her statement about Petitioner having a gun because she talked to Petitioner's family. ECF Dkt. #1 at 5. Respondent asserts that Petitioner has procedurally defaulted his Ground for Relief and it is alternatively without merit. ECF Dkt. #6 at 9-16.

The undersigned recommends that the Court find that Petitioner has procedurally defaulted this Ground for Relief. As Respondent points out, the Ohio court of appeals relied upon Petitioner's violation of Ohio's contemporaneous objection rule   because no objection was made during closing argument to the statement and the Ohio appellate court thereafter proceeded to conduct only a "plain error" review of the claim. ECF Dkt. #6 at 9, citing and quoting ECF Dkt. #6-1 at 72-74. The Ohio appellate court set forth the standard for reviewing a prosecutorial misconduct claim and explained that since Petitioner's counsel failed to object to the alleged prosecutorial misconduct during the trial, the appellate court's review was limited to plain error only. *Id.* at 74.

Under the Ohio contemporaneous objection rule, an appellant who fails to object to an issue at the time of trial waives later review of the issue unless plain error can be shown. *Williams v. Bagley*, 380 F.3d 932, 947 (6th Cir. 2004), cert. denied, 544 U.S. 1003 (2005) (citing *State v. Smith*,

-15-

89 Ohio St.3d 323, 332 (2000)). Petitioner did not comply with the firmly established Ohio contemporaneous objection rule that applied to his claim and thus the first prong of the *Maupin* procedural default test is satisfied.

The second prong of *Maupin* is also met as the Ohio appellate court relied on the procedural rule as it only reviewed Petitioner's assignment of error concerning prosecutorial misconduct under plain error review, and it overruled the assignment of error. ECF Dkt. #6-1 at 74.

The third prong of *Maupin* requires that a state judgment invoking the procedural bar rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson*, 384 F.3d at 313-14. The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *Williams*, 380 F.3d at 968; *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001). The third prong of *Maupin* is satisfied.

Under the fourth and final prong of *Maupin*, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm from the alleged constitutional violation. *Magby*, 741 F.2d at 244. "[T]he existence of cause for a procedural defect must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)) (emphasis added). Petitioner does not allege cause for the procedural default. If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith*, 477 U.S. at 527. Petitioner cannot rely upon a claim of the ineffective assistance of counsel as cause to excuse his procedural default because he failed to raise this issue on appeal and therefore he has procedurally defaulted this issue as well. Further, Petitioner has not made any attempt to demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Schlup v. Delo*, 513 U.S. 298, 315 (1995). The Sixth Circuit explained that

the "actual innocence" exception, or the "fundamental miscarriage of justice" gateway, is open to a petitioner who submits new evidence showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Williams*, 380 F.3d at 973 (quoting *Murray*, 477 U.S. at 496). The Sixth Circuit held that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. Here, Petitioner has produced no new evidence to overcome this burden and he makes no claims of actual innocence. Accordingly, all four prongs of *Maupin* have been satisfied.

For these reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his sole ground for relief and he has failed to show cause and prejudice or his actual innocence, and there is no evidence of a fundamental miscarriage of justice.

Should this Court find that Petitioner has not procedurally defaulted his sole ground for relief, or find that he has established cause and prejudice or a fundamental miscarriage of justice if his ground for relief is not reviewed, the undersigned alternatively recommends that the Court find that the Ohio appellate court decision is not contrary to or an unreasonable application of United States Supreme Court precedent. Petitioner complains that when the assistant prosecutor questioned Ms. Dixon about knowing Petitioner's family during the trial, the prosecutor thereafter made "insinuations and assertions that mislead the jury" during closing argument, which constituted prosecutorial misconduct. ECF Dkt. #1 at 5.

Petitioner attaches portions of the jury trial transcript where the assistant prosecutor questioned Ms. Dixon, who testified that she had known Petitioner and his family since elementary school and Ms. Dixon was with Petitioner's family and friends during breaks in the trial and at other times during the days of the trial. ECF Dkt. #1-1 at 2-3. Petitioner also attaches the trial transcript portion of the prosecutor's closing argument where the prosecutor stated that:

> Ziara puts the gun in his hand at least the night of the shooting and then again when she puts it down on paper and then again when she meets with Detective Shatzer. But then today when it comes time for trial, she's out there in the lobby with the Defendant's family and she is telling you folks about how she is close to his family. She went to elementary school with the Defendant. Her story also has changed. Fifteen years, it is the same story. We can hardly blame her. Alliance isn't a big town. Who wants that trouble.
>
> \*   \*   \*

-17-

> Or perhaps, like Ziara, spent the afternoon out with the Defendant's family, hanging out, carousing, doing whatever it was they were doing, so that her story was much different than the story that she told the police the day of and day after where she said I saw Rodney with a gun.

ECF Dkt. #1-1 at 4, 5.

The United States Supreme Court has made clear that the determination of a federal habeas corpus claim of prosecutorial misconduct is not based upon Sixth Circuit precedent, but is based upon United States Supreme Court precedent and the Court must determine whether "the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process," or whether it was "so egregious as to render the entire trial fundamentally unfair." *Bales v. Bell*, 788 F.3d 568, 578 (6th Cir. 2015), quoting *Parker v. Matthews*, 567 U.S. 37, 132 S.Ct. 2148, 2153, 2155, 183 L.Ed.2d 32 (2012)(per curiam)(finding that the Sixth Circuit erred by consulting its own precedents as to two-step inquiry in determining the reasonableness of the state court's opinion as to prosecutorial misconduct); *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986); *Wogenstahl v. Mitchell*, 668 F.3d 307, 327–328 (6th Cir. 2012); *Bates v. Bell*, 402 F.3d 635, 640–41 (6th Cir. 2005); *Kincade v. Sparkman*, 175 F.3d 444 (6th Cir. 1999); *Cook v. Bordenkircher*, 602 F.2d 117 (6th Cir. 1979). "Even if the prosecutor's conduct was 'undesirable or even universally condemned,' this Court can only provide relief if the [conduct was] so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process violation." *Darden*, 477 U.S. at 181.

Applying the standard of whether the prosecutor's remarks were violative of a fair trial and substantially prejudiced Petitioner, the Ohio appellate court quoted Ohio Supreme Court law providing that

> [a] conviction will be reversed for prosecutorial misconduct only where it is clear beyond a reasonable doubt that, absent the prosecutor's comments, the jury would not have found the defendant guilty. *State v. Benge*, 75 Ohio St.3d 136, 141, 661 N.E.2d 1019, 1996–Ohio–227. Furthermore, isolated comments by a prosecutor are not to be taken out of context and given their "most damaging meaning." *See Donnelly v. DeChristoforo* (1974), 416 U .S. 637, 647, 94 S.Ct. 1868, 40 L.Ed.2d 431. Generally, a prosecutor's conduct at trial is not grounds for reversal unless that conduct deprives the defendant of a fair trial. *State v. Loza*, (1994), 71 Ohio St.3d 61,
> 78, 641 N.E.2d 1082.

-18-

> \*\*\*
> Appellant maintains this deprived him of a fair trial, emphasizing the dearth of physical evidence pointing to him as the shooter, and the fact that only one witness testified to actually seeing appellant fire a gun. He urges that the prosecutor's reference to the witness, Dixon, "hanging out" and "carousing" with appellant's family was completely unsupported by the evidence.
>
> \*\*\*.
>
> It appears to us that the prosecutor was trying to respond to Dixon's deviation from her original statement to law enforcement indicating that appellant had fired a gun from the car. Upon review, assuming, arguendo, the remarks regarding Dixon's potential bias were improper, we are unpersuaded that they would have prejudicially affected appellant's substantial rights.

ECF Dkt. #6-1 at 72-74.

The undersigned recommends that the Court find that the Ohio appellate court's determination was not contrary to or an unreasonable application of United States Supreme Court precedent or an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The Ohio appellate court first found that the prosecutor was trying to explain why Ms. Dixon deviated from her original statements that Petitioner had fired a gun from the car. ECF Dkt. #6-1 at 74. The Court should find that it was not unreasonable or contrary to law for the prosecutor to raise the possibility that Ms. Dixon recanted her statement about Petitioner shooting the gun due to her relationship with Petitioner and his family as she was seen with Petitioner's family during trial breaks. The Ohio appellate court further found that even if the prosecutor's statements concerning Ms. Dixon's bias were improper, it did not prejudicially impact Petitioner's substantial rights. *Id*. The Court should find that this holding was not contrary to or an unreasonable application of United States Supreme Court precedent because, as Respondent points out, this comment did not render Petitioner's trial fundamentally unfair since other evidence was presented which implicated Petitioner in the shooting as Greg Sampson had testified that Petitioner pulled up in a black Toyota, asked him if that was "what you all want?" and started shooting up the street toward Andrews' direction. ECF Dkt. #6 at 15, citing and quoting ECF Dkt. #6-3 at 63-64, 70-72. Accordingly, the undersigned recommends that the Court find no merit to Petitioner's sole Ground for Relief.

## VII. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court DISMISS Petitioner's instant federal habeas corpus petition in its entirety with prejudice and DENY Petitioner's motion for the undersigned to issue a Report and Recommendation and his motion to expand the record (ECF Dkt. #s 9, 12).

DATE: December 18, 2017        */s/ George J. Limbert*
                                            GEORGE J. LIMBERT
                                            UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).