IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rodney A. Taylor,                               Case No. 5:16 CV 539

                Petitioner,      ORDER ADOPTING
                                     REPORT AND RECOMMENDATION

       -vs-
                                               JUDGE JACK ZOUHARY

LaShann Eppinger, Warden,

                Respondent.

Rodney Taylor, a state prisoner, filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) asserting a single ground for relief. The Warden filed an Answer/Return of Writ (Doc. 6). This case was referred to Magistrate Judge George Limbert for a Report and Recommendation (R&R). While the case was referred, Taylor filed a Motion for Issuance of an R&R (Doc. 9). The Warden opposed (Doc. 10), and Taylor replied (Doc. 11). Taylor then filed a Motion to Expand the Record (Doc. 12).

The R&R (Doc. 13) recommends this Court deny the pending Motions and dismiss the Petition as procedurally defaulted. Taylor timely objected to the R&R (Doc. 17). This Court has reviewed *de novo* those portions of the R&R challenged in the Objection. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981).

**BACKGROUND**

As Taylor does not meaningfully object to the procedural history and facts set forth in the R&R (Doc. 13 at 2–4), this Court incorporates them by reference and briefly sets forth the timeline of his state appeals.

In January 2014, Taylor was convicted and sentenced on one count each of felonious assault with a firearm specification; discharging a firearm on or near prohibited premises; having weapons while under disability; and inducing panic. The state appellate court denied his direct appeal, and the Ohio Supreme Court declined to exercise jurisdiction. Taylor filed this Petition in March 2016.

## STANDARD OF REVIEW

A district court shall not grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). To determine whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of Supreme Court decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013).

## DISCUSSION

Taylor contends the prosecutor committed misconduct during closing argument by suggesting that Ziara Dixon changed her testimony due to her relationship with Taylor's family. Although Dixon initially told police she saw Taylor fire a gun outside the party, she recanted during trial (Doc. 6-3 at 143–48). During rebuttal argument, the prosecutor described Dixon as "hanging out" and "carousing" with Taylor's family during trial, "so that her story was much different than the story she told the police the day of and the day after where she said I saw Rodney with a gun" (*id.* at 243).

2

**The Motions**

Though the Petition identified a single ground for relief, Taylor filed two Motions (Docs. 9, 12) asking this Court to consider an alternative theory. He contends the state court indictment was defective because it did not identify the street address at which the offenses took place. Taylor believes this information is required under Ohio Revised Code § 2941.03(D), and without it, the state court lacked subject matter jurisdiction over his case. The R&R recommends this Court deny the Motions because (1) Taylor raises questions of state law that are not cognizable on federal habeas review, and (2) he fails to establish a federal due process violation (Doc. 13 at 12–15).

Taylor's Objection (Doc. 17) largely rehashes the arguments already raised in the Motions and addressed in the R&R. He also contends that the R&R fails to address the case of *State v. Luna*, 96 Ohio App. 3d 207 (1994). In *Luna*, the defendant pled no contest to one count of theft by deception (count four of the indictment). *Id.* at 210. On appeal, she asserted the indictment was defective because it did not contain allegations establishing the elements of the crime charged -- specifically, the element of deception. The appellate court agreed, and also noted that the indictment did not allege the offense took place "within the jurisdiction of the court." *Id.* (citing O.R.C. § 2941.03(D)).

Not so here. The indictment in this case explicitly alleges that each of the offenses for which Taylor was charged occurred in Stark County, Ohio (*see* Doc. 6-1 at 5–6). *See also State v. Vihtelic*, 2017 WL 2983328, at *4 (Ohio Ct. App. 2017) ("It was sufficient that the indictment alleged that the offense was committed at some place within the court's jurisdiction, i.e., 'in the County of Cuyahoga.'"). The Objection is overruled.

**The Petition**

Taylor does not challenge the R&R's analysis of the single ground for relief identified in the Petition. As a result, he waives review of that issue. *See* 18 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of *those portions of the report* or specific proposed findings or recommendations *to which objection is made*.") (emphasis added). This Court has reviewed the R&R's analysis of the prosecutorial misconduct claim (Doc. 13 at 15–19), and finds it accurately states the facts and law. The claim is procedurally defaulted, for the reasons explained in the R&R, and the Petition will be dismissed.

## CONCLUSION

The Objection (Doc. 17) is overruled. This Court adopts the R&R (Doc. 13), denies the pending Motions (Docs. 9, 12), and dismisses the Petition (Doc. 1). Further, this Court certifies an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

                                                      s/ *Jack Zouhary*
                                                      JACK ZOUHARY
                                                      U. S. DISTRICT JUDGE

                                                      March 21, 2018